UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN S.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5768-RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting his symptom testimony and Dr. Neims's medical opinion. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 29 years old, has at least a high school education, and has worked as a store laborer. Admin. Record (AR) 22. In January 2020, Plaintiff applied for benefits, alleging disability as of June 1, 2007. AR 58–59, 67–68. Plaintiff's application was denied initially and on reconsideration. AR 65, 75. After the ALJ conducted a hearing on July 13, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 12–56.

**DISCUSSION**

The Court may reverse ALJ Meyer's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.  **Plaintiff's Testimony**

Plaintiff testified he currently works as a sales representative at an electronics store four hours a day, two days a week. AR 26. He stated he is also taking accounting courses online. AR 37. He explained he is unable to work full time because he has staring spells, his mind starts to wander, and he becomes confused if he works longer hours. AR 36, 42–45. He explained that because of his condition, he limits to doing schoolwork for only an hour. AR 47. Plaintiff stated he has medication for seizures, and though he was not always consistent with his medication before, he is taking them consistently now, though they do affect his memory. AR 44.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony because the records indicate Plaintiff "generally does well when he takes his seizure medication." AR 21. The evidence the ALJ relied on shows Plaintiff was not always compliant with his medication regimen. AR 262. Plaintiff also admitted to missing his medication and then taking extra doses to make up for any missed medication. AR 262, 383, 426–27, 443. The record shows Plaintiff reported to having one to two seizures per year with medication, but four without them. AR 426–27. The record also shows when his medication dosage was increased, he tolerated it well. AR 262, 383. There are reports by Plaintiff about his medication affecting his short-term memory—consistent with his testimony—but in recent treatment notes, his treating source attributed the gaps in memory to his seizures, rather than his medication. *See* AR 426–27, 443.

In further rejecting Plaintiff's testimony, the ALJ also explained Plaintiff's alleged staring spells were not "observed in any of the records." AR 21. Instead, treatment notes show Plaintiff denied memory lapses or loss, and a physical exam revealed his recent and remote memory were intact and he demonstrated an adequate fund of knowledge. AR 445–46. Plaintiff argues with the ALJ's finding and points to two records purporting to support his statements about his staring spells and lack of focus. Dkt. 10 at 3. However, Plaintiff fails to demonstrate error with the ALJ's reasoning, as the first record is a treatment note showing his mood was appropriate, his attention demonstrated no abnormalities, and a test on his brain activity revealed no epileptic discharges or other focal abnormalities. AR 447. The second record is a page from a mental assessment completed by Dr. Neims stating Plaintiff's impairments interfere with his ability to work. AR 485. However, Plaintiff does not explain how this defeats the ALJ's reasonable determination that Plaintiff's condition is managed if he remained compliant with his medication regiment. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("The burden of

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

proof is on the claimant as to steps one to four.").

"[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ's interpretation here is a rational one, as the evidence indicates Plaintiff's seizures are managed with his medication, and his history of noncompliance contributed to the increase in their occurrences. AR 262, 383, 426–27, 443. Plaintiff's statements as to the side effects of his medication and inability to focus were also undermined by examination findings that showed no abnormalities with Plaintiff's mood, focus, or attention. AR 445–46. They were similarly undercut by observations by his treating source that his memory concerns were not necessarily due to his medication. AR 426–27, 443. Given these records, the Court finds the ALJ reasonably rejected Plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony based on his activities of daily living. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Here, the ALJ specifically pointed to Plaintiff's ability to manage his self-care, perform household chores, use public transportation, shop, manage his finances, and attend weekly therapy. AR 174–81, 202–09. The ALJ also highlighted Plaintiff's employment and completion of an online course. AR 36–67, 461. This reasoning is not as persuasive. Plaintiff testified to performing, most, if not all, of these activities. AR 36–37. His testimony about his symptoms focused not so much on these activities themselves, but rather on their duration. *See* AR 36, 46. There is nothing in the records cited by the ALJ to suggest these activities took longer than the hours Plaintiff stated he is accustomed to handling, thereby contradicting his testimony. In rejecting Plaintiff's testimony

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

for this reason, the ALJ erred.

However, because the ALJ has provided at least one valid reason to reject Plaintiff's testimony and that reason is supported by substantial evidence, the ALJ's error here is deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Dr. Neims[1]

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

In a mental assessment form, Dr. Neims opined Plaintiff has marked limitations with remembering locations and work-like procedures, maintaining attention and concentration for extended periods, responding appropriately to changes in the work setting, traveling in unfamiliar places or using public transportation, and tolerating normal levels of stress. AR 483–

---

[1] Defendant correctly points out that Plaintiff failed to raise this assignment of error on the first page of his Opening Brief as directed by the Court in its briefing requirements. Dkts. 9 at 2; 13 at 6. The Court reminds Plaintiff's counsel to comply with all the briefing requirements set forth in the Court's Scheduling Orders in the future to avoid a stricken brief.

85. Dr. Neims also completed a second form and opined Plaintiff's symptoms are severe enough that Plaintiff is only able to work four hours a day and eight hours a week. AR 487.

The Court first notes the ALJ failed to specify which of the two forms and which of Dr. Neims's several findings were rejected. *See* 482–87. In any case, the Court does not find the reason proffered by the ALJ—inconsistency with Plaintiff's record—sufficient to reject either one. The evidence the ALJ primarily relied on are notes from Plaintiff's therapist, who observed that he "[h]as sustained persistent focus on [completing third semester of school]," was "doing well in his class in school and adapting to current circumstances," and "maintaining academic progress in his accounting class." AR 474–75, 465. These observations do not necessarily negate Dr. Neims's findings, given that his proposed limitations were provided in the context of a 40-hour workweek and the ALJ did not explain how much time Plaintiff spent on school. *See* AR 483. There is also nothing in the cited treatment notes to suggest how much time Plaintiff spent in class and school to contradict Dr. Neims's other opinion that Plaintiff's work efforts cannot exceed four hours a day and eight hours a week. AR 487. Overall, the ALJ's finding of inconsistency is not supported substantially by the record, thus the ALJ erred.

### 3. Scope of Remedy

Plaintiff argues the Court remand this matter for an award of benefits, or alternatively, for a new hearing. Dkt. 10-1 at 13. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has

been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

      Only the first step is met here, as the Court has found the ALJ erred in evaluating Dr. Neims's medical opinions.  However, the Court affirmed the ALJ's rejection of Plaintiff's testimony, raising a conflict in the record that requires a resolution.  *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

      On remand, the ALJ shall reevaluate Dr. Neims's medical opinions, and reassess Plaintiff's RFC and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

      For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

405(g).

DATED this 8th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8